UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────
LINDA BUCZAKOWSKI,

                Plaintiff,

    -against-                              5:18-CV-0812 (LEK/ML)

1199SEIU,

                Defendant.
─────────────────────────────────────────────

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Linda Buczakowski brought this action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34 ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") against her union, 1199SEIU Healthcare Workers East ("SEIU" or "Defendant"). Dkt. No. 1 ("Complaint"). Plaintiff's claims stem from discriminatory and retaliatory treatment she allegedly received from SEIU and her former employer, Crouse Health Hospital, Inc., ("Crouse Hospital"). Id.

On January 3, 2020, Plaintiff moved under Federal Rule of Civil Procedure 60 to reconsider parts of this Court's November 4, 2019 Memorandum-Decision and Order. Dkt. Nos. 31 ("2019 Memorandum-Decision and Order"); 34 ("Motion"). Plaintiff supplemented her Motion on January 13, 2020. Dkt. No. 38 ("Motion Supplement").[1] On February 4, 2020, Defendant responded to the Motion for Reconsideration. Dkt. No. 43 ("Response").

───────────────

[1] The Court refers to the Motion and Motion Supplement collectively as, "Motion for Reconsideration."

In the 2019 Memorandum-Decision and Order, the Court dismissed, without prejudice, Plaintiff's Title VII and ADEA discrimination and retaliation claims and her ADA retaliation claim under Rule 12(b)(6) for failing to state a claim upon which relief may be granted. 2019 Mem.-Decision and Order at 7–8, 15–16. The Court also dismissed with prejudice Plaintiff's hybrid § 301 / DFR claim[2] as time barred. Id. at 8–10. Finally, the Court allowed Plaintiff's ADA discrimination claim to proceed. See id. at 15–16.

For the reasons that follow, Plaintiff's Motion for Reconsideration is denied.

## II. BACKGROUND

The facts and allegations in this case were detailed in the 2019 Memorandum-Decision and Order, familiarity with which is assumed.

## III. LEGAL STANDARD

As an initial matter, "[w]hile [Plaintiff] purports to bring this motion under Rule 60(b) of the Federal Rules of Civil Procedure, 'Rule 60(b) [is] inapplicable to the pending motion' because . . . as pursuant to Rule 54(b), this Court did not enter a judgment following its ruling on the motions to dismiss.'" See Ferring B.V. v. Fera Pharm., LLC, No. 13-CV-4640, 2015 WL 5307793, at *1 (E.D.N.Y. Sept. 10, 2015) (alteration in original) (quoting McGee v. Dunn, 940 F. Supp. 2d 93, 98 n.2 (S.D.N.Y. 2013)); see also Cantey v. Martuscello, No. 17-CV-284, 2020 WL 1030646, at *3 (N.D.N.Y. Mar. 3, 2020) (Kahn, J.) (finding a motion for reconsideration is "properly brought under Rule 54(b) rather than Rule 60(b)" when it addresses a decision that

---

[2] Pursuant to § 301 of the Labor Management Relations Act, a plaintiff may allege a "hybrid" claim for breach of a collective bargaining agreement and a union's duty of fair representation. Id. at 9.

partially denied a motion for summary judgment). Thus, Rule 54(b) governs the analysis of the instant Motion for Reconsideration.

Rule 54(b) provides in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

As another court in this District has observed:

> Motions under Rule 54(b) are subject to the law-of-the-case doctrine. In re Rezulin Liability Litigation, 224 F.R.D. 346, 349 (S.D.N.Y. 2004). This means that the decisions referenced in Rule 54(b) "may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Official Comm. of Unsecured Creditors of the Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). This allows for decisions to be revisited, "subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" Id. (citing Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964)).

Kaufman v. Columbia Mem'l Hosp., No. 11-CV-667, 2014 WL 2776662, at *2 (N.D.N.Y. June 19, 2014).

Hence, "[t]he standard for granting a motion for reconsideration [under Rule 54(b)] 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Brooks v. Hogan, No. 14-

3

CV-477, 2017 WL 1025966, at *2 (N.D.N.Y. Mar. 16, 2017) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

## IV. DISCUSSION

The Court notes that Plaintiff did not file her Motion for Reconsideration within fourteen days of the 2019 Memorandum-Decision and Order's filing date, which Plaintiff needed to do in order for the court to consider the motion. See L.R. 7.1(g). The Court will consider Plaintiff's Motion for Reconsideration, nonetheless. Hogan v. Cty. of Lewis, N.Y., No. 11-CV-754, 2014 WL 118964, at *6 (N.D.N.Y. Jan. 10, 2014) (Kahn, J.) (considering a Rule 54(b) motion untimely submitted under L.R. 7.1(g) because "an interlocutory order 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" (quoting Rule 54(b)).

### A. Clear Error

Regarding the merits of Plaintiff's Motion for Reconsideration, Plaintiff first argues that the Court clearly erred in dismissing her hybrid § 301 / DFR claim as time barred. Mot. at 2–3. As the Court observed in the 2019 Memorandum-Decision and Order, "The limitations period for filing a hybrid § 301 / DFR claim is six months [and] starts running when the union member knew or reasonably should have known that a breach of the duty of fair representation had occurred." 2019 Mem.-Decision and Order at 9 (internal citations and quotation marks omitted). The Court found that, based on the dates Plaintiff allegedly suffered discriminatory and retaliatory treatment and the date she filed a complaint with the Equal Employment Opportunity Commission ("EEOC") regarding that treatment, Plaintiff's hybrid § 301 / DFR claim accrued

over a year before Plaintiff filed the Complaint. Id. at 9–10. Because of this finding, the Court concluded that Plaintiff's hybrid § 301 / DFR claim was time barred. Id.

In her Motion for Reconsideration, Plaintiff discusses the efforts she made before filing the Complaint to have various government agencies, such as the EEOC and National Labor Relations Board ("NLRB"), address her complaints of discriminatory and retaliatory treatment. Mot. at 2–3. Plaintiff argues that these efforts tolled the statute of limitations for her hybrid § 301 / DFR claim. See id. at 3 (citing West v. Conrail, 481 U.S. 35 (1987)); Mot. Suppl. at 3. "However, Courts have consistently refused to toll the statute of limitations where a claim has been filed with" government agencies. See Payton v. United States Postal Serv., No. 16-CV-2794, 2016 WL 7494859, at *4 (E.D.N.Y. Dec. 29, 2016) (citing cases). Furthermore, Plaintiff's reliance on West is misplaced. That case holds that the six-month limitations period for hybrid § 301 / DFR claims only applies to the filing, and not to the service, of a complaint. West, 481 U.S. at 39. Here, the issue is not whether Plaintiff could *serve* the Complaint outside of the limitations period. Rather, the issue is whether she could *file* the Complaint outside of that period. Because Plaintiff has provided no valid reason for why the limitations period should be tolled, the Court finds it did not err in concluding that Plaintiff's hybrid § 301 / DFR claim is time barred. Therefore, Plaintiff's hybrid § 301 / DFR claim must still be dismissed.

### B. New Evidence

Next, Plaintiff argues that, based on new allegations of discriminatory conduct included in her Motion for Reconsideration, Defendant is liable under (1) Title VII for discrimination based on age and medical disability; and (2) the ADEA for discrimination based on medical

disability. Mot. at 3–6; see generally Suppl. Mot. The Court construes this argument as one for reconsideration based on the availability of new evidence.

As an initial matter, Title VII does not cover discrimination claims predicated on age, see Tiffany v. Dzwonczyk, 696 F. App'x 7, 9 (2d Cir. 2017) (citing General Dynamics Land Sys., Inc. v. Cline, 540 U.S. 581, 586 (2004)), or medical disability, see Reeves v. City of Yonkers, 348 F. Supp. 3d 264, 282 (S.D.N.Y. 2018) (citing Risco v. McHugh, 868 F. Supp. 2d 75, 106–07 (S.D.N.Y. 2012); Zick v. Waterfront Comm'n of N.Y. Harbor, No. 11-CV-5093, 2012 WL 4785703, at *7 (S.D.N.Y. Oct. 4, 2012)). And, by its very terms, the ADEA applies to age discrimination claims, not medical disability claims. See O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312 (1996) ("The discrimination prohibited by the ADEA is discrimination 'because of [an] individual's age.'" (quoting 29 U.S.C. § 623(a)(1)).

Even assuming Plaintiff's new allegations also apply to other cognizable claims Plaintiff may have under Title VII, the ADEA, or the ADA, her "new allegations are not a proper basis for reconsideration as they do not constitute newly discovered evidence." See King v. Creed, No. 14-CV-165, 2016 WL 204492, at *4 (N.D.N.Y. Jan. 15, 2016) (Kahn, J.) (citing Webb v. City of New York, No. 08-CV-5145, 2011 WL 5825690, at *1 (E.D.N.Y. Nov. 17, 2011); see also Rivero v. INTL FCStone Inc., No. 14-CV-3879, 2015 WL 6128707, at *2 (S.D.N.Y. Oct. 19, 2015) ("The Court will not consider facts not in the record to be facts that the court overlooked." (citation and internal quotation marks omitted)). In the 2019 Memorandum-Decision and Order, the Court provided Plaintiff an opportunity to amend her Complaint regarding her Title VII and

ADEA discrimination and retaliation claims and her ADA retaliation claim. If Plaintiff has new allegations to support those claims, then she may still include them in an amended complaint.[3]

### C. Manifest Injustice

Finally, Plaintiff argues that "the information being provided to the court by the defendant and [its] attorney is misrepresented" and that "the defendant and [its] lawyer ha[ve] chosen to misrepresent the facts as they occurred." Mot. Suppl. at 1, 4. The Court construes this argument as one for reconsideration based on the need to prevent a manifest injustice.

"Courts ordinarily have not defined precisely what constitutes . . . manifest injustice for reconsideration purposes." In re Air Crash at Belle Harbor, New York on Nov. 12, 2001, No. 02-CV-3143, 2007 WL 4563485, at *1 n.1 (S.D.N.Y. Dec. 18, 2007) (quoting Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp., No. 88-CV-819, 1992 WL 121726, at *20 (N.D.N.Y. May 23, 1992)). However, "[t]o uphold a clearly erroneous ruling based on a misrepresentation of counsel constitutes a manifest injustice the Court must correct." Ford Motor Co. v. Edgewood Properties, Inc., 06-CV-1278, 2010 WL 5151605, at *4 (D.N.J. Dec. 10, 2010), aff'd, No. 06-CV-1278, 2011 WL 1321605 (D.N.J. Apr. 4, 2011).

Plaintiff has not provided any basis for her assertions that Defendant's counsel misrepresented any facts to the Court. Nor has Plaintiff shown how any such misrepresentations

---

[3] If Plaintiff chooses to submit an amended complaint, it must comply with Rule 15 of the Federal Rules of Civil Procedure. Moreover, any amended complaint, which shall supersede and replace the original Complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant that Plaintiff has a legal right to pursue and over which this Court may properly exercise jurisdiction. Finally, any amended complaint must also be signed by Plaintiff and comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

infected the Court's 2019 Memorandum-Decision and Order. Consequently, the Court does not find any manifest injustice that it would need to prevent here.

V.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for Reconsideration (Dkt. Nos. 34; 38) is **DENIED**; and it is further

**ORDERED**, that Plaintiff may move to replead her Title VII and ADEA discrimination and retaliation claims and her ADA retaliation claim within **sixty days** of the date of this Decision and Order;[4] and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   May 01, 2020
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[4] Plaintiff must also include this claim in any amended complaint that she files even though the Court previously ruled that Plaintiff's ADA discrimination claim may proceed. 2019 Mem.-Decision and Order at 19.